UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

TYSHAWN WALKER,

                           Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICERS JOHN
DOES 1 through 4, individually and in their official
capacities (the name John Doe being fictitious, as the true
names are presently unknown),

                           Defendants.
-------------------------------------------------------------------- x

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUN 07 2011 ★
**BROOKLYN OFFICE**

**CV 11 - 2739**

COMPLAINT

Jury Trial Demanded

ROSS, J.
SUMMONS ISSUED
LEVY M.J

## PRELIMINARY STATEMENT

1.     This is a civil rights action alleging that the City of New York and several New York City Police Officers violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. Specifically, plaintiff alleges that, on Sept. 10, 2010, defendants falsely arrested him, assaulted and battered him, used excessive force on him and made false allegations about him to the Kings County District Attorney's Office. Plaintiff seeks compensatory and punitive damages, attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution, Article 1 of the New York Constitution, and New York common law. Jurisdiction is conferred upon this Court by 28

U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over the New York State claim pursuant to 28 U.S.C. § 1367

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c).

## PARTIES

4. Plaintiff is a citizen of the United States and a resident of Kings County in the City and State of New York.

5. The City of New York (the "City") is a municipal corporation organized under the laws of the State of New York.

6. Police Officers John Does 1-4 (the "officers" or the "Does") are members of the New York City Police Department who were acting under color of state law and in their capacities as City law enforcement officers at all relevant times. The Does are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

7. On Sept. 10, 2010, at approximately 1:30 a.m., Plaintiff was lawfully present on the street near 30 Glenmore Avenue in Brooklyn, New York.

8. Defendant officers, without probable cause, seized and searched Plaintiff.

9. Defendant officers threw Plaintiff to the ground and applied handcuffs that were unreasonably tight.

10. Plaintiff was transported to Police Service Area and then to Brooklyn Central Booking for arrest processing.

11. Defendant officers misrepresented to the Kings County District Attorney's Office that Plaintiff had committed criminal offenses.

12. Plaintiff was arraigned in Brooklyn Criminal Court on Sept. 11, 2010.

13. On Dec. 20, 2010, all charges were dismissed.

14. Plaintiff was deprived of his liberty, assaulted, battered, suffered emotional distress, mental anguish, pain, fear, anxiety, embarrassment, humiliation and damage to his reputation.

15. On Feb. 3, 2011, within 90 days of the termination of the criminal case in favor of Plaintiff, Plaintiff caused to be served on the Comptroller of the City of New York a Notice of Claim. To date, the City has made no adjustment or payment with respect to this Notice of Claim.

## FIRST CLAIM

## (§1983 FALSE ARREST)

21. Plaintiff repeats the foregoing allegations.

22. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

23. Plaintiff was aware of his confinement and did not consent to it.

24. The confinement was not otherwise privileged.

25. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## SECOND CLAIM

## (§1983 UNREASONABLE FORCE)

26. Plaintiff repeats the foregoing allegations.

27. Defendants violated the Fourth and Fourteenth Amendments because they used a degree of force on Plaintiff that was unreasonable because it was unnecessary under the circumstances.

28. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## THIRD CLAIM

## (§1983 FABRICATION OF EVIDENCE)

29. Plaintiff repeats the foregoing allegations.

30. The individual Defendants created false evidence against Plaintiff and forwarded such false evidence to the Kings County District Attorney's Office.

31. In creating such false evidence, the Defendants violated Plaintiff's constitutional right to a fair trial.

32. The aforesaid conduct by the City of New York violated Plaintiffs' rights under 42 U.S.C. § 1983 and the Sixth and Fourteenth Amendments to the United States Constitution.

33. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## FOURTH CLAIM

## (§1983 MALICIOUS PROSECUTION)

34. Defendant Officers commenced a criminal proceeding against Defendant.

35. Such proceeding terminated in favor of Plaintiff.

36. No probable cause existed for the commencement of the criminal proceeding.

37. Defendant Officers commenced the proceeding with actual malice.

4

38. In maliciously prosecuting Plaintiff, Defendants violated the Fourth and Fourteenth Amendments to the United States Constitution.

39. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## FIFTH CLAIM

### (STATE LAW CLAIMS AGAINST POLICE OFFICER DOES)

40. Plaintiff repeats and re-alleges the allegations contained in ¶¶ 1-39 as if fully set forth herein.

41. The conduct of defendant Does amounted to false arrest, malicious prosecution and assault and battery in violation of New York State law.

## SIXTH CLAIM

### (§1983 "MONELL" CLAIM)

42. Plaintiff repeats the foregoing allegations.

43. The City, through policies, practices and customs, directly caused the constitutional violations suffered by Plaintiff.

44. The City, through its police department, has had and still has hiring, training, promotion and retention practices that it knows will lead to the hiring, training, promotion of police officers unable to discharge their duties in accordance with the constitution.

45. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

5

46. The City, at all relevant times, was aware that these individual Defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

47. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

48. These policies, practices and customs were the moving force behind Plaintiff's injuries.

## SEVENTH CLAIM

### (STATE LAW CLAIMS AGAINST THE CITY OF NEW YORK)

49. Plaintiff repeats and re-alleges the allegations contained in ¶¶ 1-33 as if fully set forth herein.

50. Because defendants Palmer, Davis, Salas, Chan and Does were acting within the scope of their employment as members of the NYPD during the incident in question, the City of New York is vicariously liable under state law for false arrest and assault and battery.

51. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City properly failed to train, re-train, supervise, discipline, and monitor the defendants and improperly retained and utilized them. Moreover, upon information and belief, the City failed to adequately investigate prior complaints filed against the defendants.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

      a.      Compensatory damages in an amount to be determined by a jury;

      b.      Punitive damages in an amount to be determined by a jury;

      c.      Costs, interest and attorney's fees;

      d.      Such other and further relief as the Court may deem just and proper.

DATED:    June 3, 2011

           New York, New York

*[signature]*

CHRISTOPHER WRIGHT (CW-8079)
Attorney at Law
305 Broadway, 14th Floor
New York, New York 10007
(212) 822-1419