UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

TYSHAWN WALKER,                                    **ANSWER**

                                    Plaintiff,      Jury Trial Demanded

            -against-                              11 CV 2739 (ARR/RML)

THE CITY OF NEW YORK, POLICE OFFICERS JOHN
DOES 1 through 4, individually and in their official
capacities (the name John Doe being fictitious, as the true
names are presently unknown),

                                    Defendants.

-------------------------------------------------------------------- x

        Defendant, the City of New York, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

        1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

        2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

        3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to base venue as stated therein.

        4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

5.   Admit the allegations set forth in paragraph "5" of the complaint.

6.   Paragraph "6" of the complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.  To the extent that the paragraph contains averments of fact, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except admit that defendant employs police officers and maintains a police department.

7.   Denies the allegations set forth in paragraph "7" of the complaint.

8.   Denies the allegations set forth in paragraph "8" of the complaint, except admit that plaintiff was arrested on September 10, 2010.

9.   Denies the allegations set forth in paragraph "9" of the complaint.

10.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint, except admit that plaintiff was arrested on September 10, 2010.

11.   Denies the allegations set forth in paragraph "11" of the complaint.

12.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint, except admit that plaintiff was arraigned on September 10, 2010.

13.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14.   Denies the allegations set forth in paragraph "14" of the complaint.

15.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint, except admit that a Notice of Claim was received on or about February 3, 2011.

16.     In response to paragraph "21 [sic]" of the complaint, defendant repeats and reiterates the responses set forth in paragraphs "1" through "15" of this answer as if fully set forth herein.

17.     Denies the allegations set forth in paragraph "22 [sic]" of the complaint.

18.     Denies the allegations set forth in paragraph "23 [sic]" of the complaint.

19.     Denies the allegations set forth in paragraph "24 [sic]" of the complaint.

20.     Denies the allegations set forth in paragraph "25 [sic]" of the complaint.

21.     In response to paragraph "26 [sic]" of the complaint, defendant repeats and reiterates the responses set forth in paragraphs "1" through "20" of this answer as if fully set forth herein.

22.     Denies the allegations set forth in paragraph "27 [sic]" of the complaint.

23.     Denies the allegations set forth in paragraph "28 [sic]" of the complaint.

24.     In response to paragraph "29 [sic]" of the complaint, defendant repeats and reiterates the responses set forth in paragraphs "1" through "23" of this answer as if fully set forth herein.

25.     Denies the allegations set forth in paragraph "30 [sic]" of the complaint.

26.     Denies the allegations set forth in paragraph "31 [sic]" of the complaint.

27.     Denies the allegations set forth in paragraph "32 [sic]" of the complaint.

28.     Denies the allegations set forth in paragraph "33 [sic]" of the complaint.

29.     Denies the allegations set forth in paragraph "34 [sic]" of the complaint.

30.     Denies the allegations set forth in paragraph "35 [sic]" of the complaint, except admit plaintiff was prosecuted and respectfully refers the Court to the court file for a complete recitation of their contents.

31.     Denies the allegations set forth in paragraph "36 [sic]" of the complaint.

32.     Denies the allegations set forth in paragraph "37 [sic]" of the complaint.

33.     Denies the allegations set forth in paragraph "38 [sic]" of the complaint.

34.     Denies the allegations set forth in paragraph "39 [sic]" of the complaint.

35.     In response to paragraph "40 [sic]" of the complaint, defendant repeats and reiterates the responses set forth in paragraphs "1" through "34" of this answer as if fully set forth herein.

36.     Denies the allegations set forth in paragraph "41 [sic]" of the complaint.

37.     In response to paragraph "42 [sic]" of the complaint, defendant repeats and reiterates the responses set forth in paragraphs "1" through "36" of this answer as if fully set forth herein.

38.     Denies the allegations set forth in paragraph "43 [sic]" of the complaint.

39.     Denies the allegations set forth in paragraph "44 [sic]" of the complaint.

40.     Denies the allegations set forth in paragraph "45 [sic]" of the complaint.

41.     Denies the allegations set forth in paragraph "46 [sic]" of the complaint.

42.     Denies the allegations set forth in paragraph "47 [sic]" of the complaint.

43.     Denies the allegations set forth in paragraph "48 [sic]" of the complaint.

44.     In response to paragraph "49 [sic]" of the complaint, defendant repeats and reiterates the responses set forth in paragraphs "1" through "43" of this answer as if fully set forth herein.

45.     Denies the allegations set forth in paragraph "50 [sic]" of the complaint.

46.     Denies the allegations set forth in paragraph "51 [sic]" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

47.     The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

48.     Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States, the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

49.     There was reasonable suspicion, probable cause and/or exigent circumstances for any stop or search.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

50.     At all times relevant to the acts alleged in the complaint defendant, its agents and officials, acted reasonably in the proper and lawful exercise of their discretion. Therefore, they are entitled to governmental immunity from liability.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

51.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, and/or that of third parties, and was not the proximate result of any act of the defendants.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

52.     There was probable cause for any arrest or detention.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

53.     Plaintiff may have failed to comply, in whole or in part, with New York General Municipal Law § 50-e, h and i.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

54.     Plaintiff provoked any incident.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

55.     The plaintiff cannot obtain punitive damages as against the City of New

York.

**WHEREFORE,** defendant, the City of New York, requests judgment dismissing

the complaint in its entirety, together with the costs and disbursements of this action, and such

other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            August 29, 2011

MICHAEL A. CARDOZO
Corporation Counsel of the
       City of New York
*Attorney for defendant The City of New*
100 Church Street, Room 3-226
New York, New York 10007
(212) 788-0784

By:     _____
            Rudyard W. Ceres
            Special Assistant Corporation Counsel

TO:     BY ECF
        Christopher Wright, Esq.
        305 Broadway, 14th Floor
        New York, NY 10007
        212 822-1419

3136787_2.DOC                  - 6 -